EASTERN DIS.
January, 1833.

RILS
vs.
BROWN.

The signature
of a note must be
expressly denied.

Interest on in-
terest cannot be
given.

## RILS vs. BROWN.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE
THIRD PRESIDING.

If the sum appealed from, be less than three hundred dollars, the appeal will be dismissed.

This action was brought to obtain a joint interest with the defendant in a judgment rendered in favor of the latter, on a draft or order for four hundred and twenty dollars, payable on demand. The payee of the order being indebted to the drawer, it was agreed between them and the assignee,

who is the present defendant, that the plaintiff should retain the one half of the amount.

A judgment, however, was obtained in favor of the present defendant for the whole amount, and to obtain the one half, is the object of this suit.

The cause was decided in the defendant's favor. The plaintiff having failed in his attempt for a new trial, appealed.

*Labauve,* for appellants.

1. It is clear and apparent on the face of the record, that the judgment of the court below is erroneous.

2. It is a property in contest between the parties, the sequestration and injunction were conservatory acts during the pending of the suit. *Code of Practice, arts.* 272, 302 and 303.

3. The affidavit annexed to the petition is, in the requisites of the law, fully sufficient.

4. The sequestration and injunction were properly executed in Milançon's hands, the debtor, otherwise he might have paid to Phebe Brown.

5. The plaintiff did not enjoin the execution of the judgment, he merely enjoined the payment to Phebe Brown; the sheriff was ordered to take and keep in his possession, the said judgment.

6. The plaintiff was a third party demanding his rights, and ought not to have been condemned to pay damages to the defendant. *Ricardo's heirs* vs. *Hiriart,* not yet reported.

7. The security on the bond was wrongfully sentenced to cost; there was no law authorising such a decree in the case.

*Burke* and *Davis,* for appellee.

1. The proceedings in injunction and sequestration, were wrong:—1. Because they could only apply to the proceeds of the judgment, and not to prevent its execution. 2. Because the whole judgment was sequestered and enjoined

EASTERN DIS.
*January,* 1833.

RILS
*vs.*
BROWN.

when only a part of the proceeds were claimed. *Code of Practice, art.* 300.

2. Sequestration is not a proper remedy, and cannot be resorted to by the plaintiff. *Art.* 285, *Code of Practice.*

The ownership of the judgment is not in dispute; but only a privilege is claimed upon the proceeds of it. If, therefore, a sequestration could be demanded, the oath is insufficient. *Code of Practice, art.* 275, *no.* 6, *act of* 1826.

3. Rils is not a third party.

4. The case of *Ricardo & Co.* vs. *Hiriart,* does not say that all third parties shall not pay damages.

MARTIN, J., delivered the opinion of the court.

If the sum appealed from, be less than three hundred dollars, the appeal will be dismissed.

The plaintiff's cause of action in this case, is the defendant's seeking to recover the whole amount of an order for four hundred and twenty dollars, bearing interest at ten per centum, from October 5, 1831, while the plaintiff is entitled to only one half thereof. The plaintiff's writs of sequestration and injunction were set aside, and he was mulcted in damages to the amount of forty-six dollars.

It is clear he improperly obtained an appeal, as the cause of action is evidently less than three hundred dollars.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed, with costs.